UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
JASON PARKER, a/k/a Darryl Glover,                          :
                                                            :
                            Plaintiff,                      :
                                                            :          09 Civ. 3843 (GEL)
        -v.-                                                :
                                                            :          **OPINION AND ORDER**
CAROL WOUGHTER,                                             :
                                                            :
                            Defendant.                      :
                                                            :
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/09

GERARD E. LYNCH, District Judge:

Jason Parker, a New York State prisoner, seeks a writ of habeas corpus, attacking his conviction for grand larceny and his resulting sentence to two to four years of imprisonment as a second felony offender. The petition will be dismissed.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires a judge to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." This Court rarely invokes that provision, and typically requires a response to habeas petitions from state prisoners because, unlike corresponding attacks on federal convictions, in state habeas cases the Court usually does not have the record of the case, and thus is not in a good position to evaluate the merits of the application. It is unusual that the papers submitted by the petitioner himself demonstrate the petition's lack of merit.

In this case, however, the petition's lack of merit appears on its face. Parker's petition is filed on a standard form. In the space provided for the petitioner to "state every ground on which you claim that you are being held unlawfully," Parker refers the Court to Exhibit B

attached to the petition. (Pet. ¶ 13.) The referenced Exhibit B is a copy of what appears to be the brief submitted on Parker's behalf to the Appellate Division on direct appeal of his conviction. It is thus clear that Parker seeks review of his conviction on the grounds presented to the state court and set forth in that brief.

Habeas corpus is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas is thus reserved for situations in which a conviction is wrongful by reason of the violation of a federal right. Indeed, where the grounds presented to the federal court have been adjudicated on the merits by a state court, habeas may only be granted if the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Id. § 2254(d)(1). Alleged errors of state law are insufficient to permit a grant of the writ. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Hawkins v. Costello, 460 F.3d 238, 244 (2d Cir. 2006).

On his state appeal, Parker raised three arguments, all of which were adjudicated on the merits by the Appellate Division. See People v. Parker, 854 N.Y.S.2d 397 (1st Dep't 2008). None of these arguments is cognizable on habeas corpus. First, Parker argued that, where the defense conceded identity at trial, it was error for the court to permit the introduction of "Molineux evidence," that is, evidence of other uncharged crimes ostensibly offered by the prosecution to prove identity. (Ex. B at 31.) This argument was expressly based on a state case that, according to Parker, held that "a defense concession of an element of a crime conclusively establishes that element and prevents the People from using that element as a basis for the admission of Molineux evidence." (Id., citing People v. Sanchez, 154 A.D.2d 15 (1st Dep't 1990).) That rule in turn rests on the general state evidentiary rule that a court should exclude

2

evidence that "is more prejudicial than probative." (Id., citing, inter alia, People v. Resek, 3 N.Y.3d 385, 390 (2004).) The very term "Molineux evidence," a reference to People v. Molineux, 168 N.Y. 264 (1901), signals petitioner's reliance on state law. Indeed, petitioner's 65-page brief cites exclusively state-court decisions. The only reference to federal law in the brief is a stray one-sentence assertion that "[t]he error violated Parker's constitutional rights." (Ex. B at 37.) Federal habeas corpus is not, however, available to redress errors in state-court evidentiary rulings unless those errors deny defendant a fundamentally fair trial. See Zarvela v. Artuz, 364 F.3d 415, 418 (2d Cir. 2004).

Here, petitioner cites no Supreme Court case, and the Court is aware of none, holding that the admission of evidence of uncharged crimes violates the Due Process Clause of the Fourteenth Amendment. To the extent that it can be assumed that in some circumstances the admission of such evidence can be so significant as to deny a defendant a fair trial, that cannot be the case here. Parker does not argue that the admission of the evidence, offered to prove his identity by demonstrating modus operandi, was intrinsically unjustifiable; he argues only that the admission of the evidence in the face of a purported concession of identity violated a specific state evidentiary rule. The Appellate Division held that the admission of the evidence, which it found erroneous under the state rule, was harmless error in view of the "overwhelming proof of defendant's guilt." 854 N.Y.S.2d at 399. Having carefully reviewed petitioner's argument that the admission of the evidence was prejudicial, the Court cannot find that the admission of the evidence denied petitioner a fundamentally fair trial.

Second, Parker argues that the trial court should have charged petit larceny as a lesser-included offense of the grand larceny charged in the indictment, because a reasonable jury could have concluded that the victim exaggerated the amount of money stolen from him. In

3

capital cases, the Due Process Clause of the Fourteenth Amendment is violated when the evidence warrants a lesser-included offense instruction but no such instruction is given. See Beck v. Alabama, 447 U.S. 625, 634-37 (1980). Both the Supreme Court and the Second Circuit, however, have expressly reserved the question whether due process requires such instruction in noncapital cases. See id. at 638 n.14; Rice v. Hoke, 846 F.2d 160, 165 (2d Cir. 1988); see also Knapp v. Leonardo, 46 F.3d 170, 179 (2d Cir. 1995). Because a decision requiring that juries be instructed on lesser-included offenses in noncapital cases would involve the announcement of a new constitutional rule, the state court's determination that the lesser-included offense instruction did not have to be charged to the jury cannot be said to have been contrary to, or to have involved an unreasonable application of, clearly established federal law.

Moreover, the Appellate Division's essentially factual finding that "there is simply no evidence that the amount involved was less than $1,000 so as to warrant an instruction on the lesser crime," 854 N.Y.S.2d at 400, is not an unreasonable application of the rule governing lesser-included offense instructions, even assuming the rule's application to noncapital cases. Whatever doubts a reasonable jury might have entertained (or that the jury in the case may actually have entertained) about the victim-witness's story in general, petitioner points to nothing whatsoever in the record that casts any doubt upon the testimony about the amount of money involved in the offense, or that suggests that, if Parker stole money from the victim (as the jury's verdict found that he did), the amount stolen was less than the $2,200 claimed by the witness. A lesser-included offense instruction is not required where a jury's finding of the lesser offense would be entirely speculative.

Finally, Parker argues that a lineup identification should have been suppressed because the evidence was insufficient to establish that he was legitimately in custody at the time of the

lineup. The issue raised on appeal was the violation of state law standards for the use of hearsay testimony at a suppression hearing. (Ex. B at 55.) However, the underlying issue is whether there was probable cause for Parker's arrest. The suppression issue is therefore a Fourth Amendment claim not cognizable on habeas corpus. See Stone v. Powell, 428 U.S. 465, 494 (1976). In addition, the admission of hearsay testimony at a suppression hearing is not contrary to or an unreasonable application of any Supreme Court precedent governing the conduct of such hearings. Thus, nothing in petitioner's submission warrants this Court's rejection of the Appellate Division's reasonable finding that "[a]lthough the arresting officer was not called to testify, sufficient information to conclude that there was probable cause for the arrest was introduced through the testimony of the detective investigating the instant matter." 854 N.Y.S.2d at 399-400.

For the foregoing reasons, there is no need to require a response from the state. Nor is there justification for appointing counsel, as the arguments presented by petitioner were fully briefed by counsel on appeal, and no argument not presented on appeal would be available to petitioner on habeas corpus. Parker's motion for the appointment of counsel is therefore denied, and the petition dismissed. Because petitioner has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. Petitioner may, however, pursue any appellate remedies in forma pauperis.

SO ORDERED.

Dated: New York, New York
June 8, 2008

*/s/ Gerard E. Lynch*
GERARD E. LYNCH
United States District Judge

5